UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANH NGOC TRAN,

         Petitioner,

v.

TODD BLANCHE et al.,

         Respondents.

_____/

Case No. 1:26-cv-1646

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner from detention. (Pet., ECF No. 1, PageID.7.)

In an order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response on June 5, 2026, (ECF No. 6).

Petitioner filed his reply on June 16, 2026.[1] (Reply, ECF No. 9.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Vietnam. (Pet., ECF No. 1, PageID.10.) Petitioner

entered the United States on December 17, 1985, as a Lawful Permanent Resident. (Acree-Manuel

Decl., ¶ 4, ECF No. 6-1, PageID.53.) On August 8, 1999, the Department of Homeland Security

(DHS) charged Petitioner with removability pursuant to § 237(a)(2)(A)(ii) of the Immigration and

Nationality Act (INA) because Petitioner "had been charged with two crimes involving moral

turpitude at any time after admission, and pursuant to INA § 237(a)(2)(C) in that [Petitioner] had

been convicted of a firearms offense" (Acree-Manuel Decl., ¶ 11, ECF No. 6-1, PageID.54.)

On June 5, 2001, an immigration judge ordered Petitioner removed to Vietnam. (Acree-

Manuel Decl., ¶ 12, ECF No. 6-1, PageID.55.) Both parties waived appeal, resulting in a final

order of removal. (*Id*.)

On July 28, 2011, Petitioner was released on an Order of Supervision. (Acree-Manuel

Decl., ¶ 16, ECF No. 6-1, PageID.55.)

On February 10, 2026, DHS agents arrested and detained Petitioner when he reported for

an immigration check-in. (Acree-Manuel Decl., ¶ 17, ECF No. 6-1, PageID.55–56.) Agents also

served Petitioner with a Notice of Revocation of Release advising Petitioner that his release was

revoked pursuant to 8 C.F.R. § 241.13(i). (*Id*.) DHS is actively seeking travel documents to effect

Petitioner's removal to Vietnam. (*Id*., ¶¶ 17, 19–20.)

---

[1] Petitioner filed a motion for extension of time to file his reply to Respondents' response to his § 2241 petition, (ECF No. 8.) The Court grants Petitioner's motion for extension of time and deems Petitioner's reply (ECF No. 9) timely filed.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Analysis

Given that Petitioner has a final order of deportation, which orders his removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful. (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 6, PageID.43–48.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on June 5, 2001. (Acree-Manuel Decl., ¶ 12, ECF No. 6-1, PageID.55.) The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove'

---

[2] The Court notes that the Supreme Court held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

4

that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Here, Petitioner was taken into custody by DHS on February 10, 2026. (Acree-Manuel Decl., ¶ 17, ECF No. 6-1, PageID.55–56.) Respondents argue that at the time that Petitioner filed his § 2241 petition on May 19, 2026, he had not been detained for six months. Respondents contend that a petitioner must have been in DHS custody for six months on the date the petition is filed, citing to *Zadvydas*, 533 U.S. at 700-01; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming dismissal where petitioner had only been detained four months and stating that "in order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months"); *Kalasho v. U.S. Dep't of Homeland Sec.*, No. 1:06-CV-556, 2007 WL 431023, at *4 (W.D. Mich. Feb. 5, 2007) ("[T]he court concludes that the six month presumption of reasonableness . . . should apply to petitioner's current detention, which resulted from his violation of the order of supervision."); *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes.").

In this case, the record reflects that DHS intends to effect Petitioner's removal to Vietnam. (Acree-Manuel Decl., ¶¶ 17, 19–20, ECF No. 6-1, PageID.55–56.) Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## V.    Other Claims and Other Forms of Relief

Because Petitioner's § 2241 petition is not ripe, the Court does not address the other claims and other requested relief in Petitioner's § 2241 petition.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice. (ECF No. 1.)


Dated:   June 25, 2026                                  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge